IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (SOUTHERN DIVISION)

| | | |
|---|---|---|
| ELLENTON VIDEO, INC. | * | |
| 3469 NE 169TH STREET | | |
| NORTH MIAMI BEACH, FL 33160, | * | |
| | | |
| PLAINTIFF, | * | |
| | | |
| v. | * | CASE NO. _____ |
| | | |
| RAPID ADVANCE, LLC | * | |
| 7316 WISCONSIN AVENUE, SUITE 450 | | |
| BETHESDA, MD 20814 | * | |
| | | |
| SERVE ON RESIDENT AGENT: | * | |
| | | |
| BETHESDA SERVICE COMPANY, INC. | * | |
| 4416 EAST WEST HIGHWAY, SUITE 400 | | |
| BETHESDA, MD 28014, | * | |
| | | |
| DEFENDANT. | * | |

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

Plaintiff, Ellenton Video, Inc. ("Ellenton Video"), by its attorneys, files this

complaint against defendant Rapid Advance, LLC ("Rapid Advance"), and states:

## PARTIES

1.    Plaintiff Ellenton Video is a corporation organized under the laws of the

State of Florida, with its principal place of business located in North Miami Beach,

Florida.

2.    Defendant Rapid Advance is a corporation organized under the laws of

the State of Maryland, with its principal place of business located in Bethesda,

Maryland.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff Ellenton Video is a Florida corporation with its principal place of business located in Florida, and defendant Rapid Advance is a Maryland limited liability company with its principal place of business in Maryland.  All issues of law and fact are among citizens of different states.

4.      Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Ellenton Video's claims occurred in this district.

5.      The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

## INTRODUCTION AND FACTS

6.      Rapid Advance entered into three Futures Receivables Sale Agreements dated November 12, 2007, March 24, 2008 and September 11, 2008 (collectively, the "Agreements") with a former employee of Ellenton Video, Mr. Baeg Jon Kim.  Under each Agreement, Rapid Advance would loan money to Mr. Kim in exchange for receipt of a percentage interest in the future receivables of Ellenton Video.  The Agreements are attached hereto collectively as Exhibit 1 and incorporated herein by reference.

7.      By the terms of the November 12, 2007 Agreement, in consideration of a $44,000.00 advance, $85,582.00 was to be repaid to Rapid Advance from Ellenton Video's future credit card receivables at the daily rate of 25% of any credit card receipts collected.

8.      By the terms of the March 24, 2008 Agreement, in consideration of a

$60,000.00 advance, $88,200.00 was to be repaid to Rapid Advance from Ellenton

Video's future credit card receivables at the daily rate of 30% of any credit card receipts

collected.

9.      By the terms of the September 11, 2008 Agreement, in consideration of a

$56,000.00 advance, $81,200.00 was to be repaid to Rapid Advance from Ellenton

Video's future credit card receivables at the daily rate of 32% of any credit card receipts

collected.

10.     Mr. Baeg Jon Kim executed each Agreement signing as both an "Owner"

of Ellenton Video and individually as a guarantor of the obligations therein.

11.     At all relevant times, Ellenton Video was a corporation registered with the

Florida Department of State, Division of Corporations, whose records clearly identified

Ellenton Video's officers and directors.  This information was a matter of public record

and was easily verifiable by Rapid Advance.

12.     At all relevant times, Mr. Kim was a manager of the Ellenton Video store

located in Daytona Beach, Florida, and was not an officer, director or "Owner" of

Ellenton Video.

13.     At all relevant times, Mr. Kim had no authority, apparent or otherwise, to

bind Ellenton Video.

14.     The monies paid by Rapid Advance under the Agreements were paid

directly to Mr. Kim.  At no time did Ellenton Video receive any of the $160,600.00

advances paid by Rapid Advance.  Attached hereto as Exhibit 2 and incorporated

herein by reference are copies of voided checks and Mr. Kim's wiring instructions to Rapid Advance instructing them as to payment of the advances.

15.     Upon information and belief, Rapid Advance collected $85,582.00 from Ellenton Video under the November 12, 2007 Agreement.

16.     Upon information and belief, Rapid Advance collected $88,200.00 from Ellenton Video under the March 24, 2008 Agreement.

17.     Rapid Advance collected $44,007.07 from Ellenton Video under the September 11, 2008 Agreement and claimed in a civil action it commenced against Ellenton Video in the Circuit Court for Montgomery County, Maryland, that a balance of $37,192.93 remained due and owing (the "Circuit Court Action").  Attached hereto as Exhibit 3 and incorporated herein by reference is an Affidavit executed by Kathleen Clark, an employee of Rapid Advance, in the Circuit Court Action.  Rapid Advance has since dismissed the Circuit Court Action against Ellenton Video.

18.     Tribul Merchant Services, LLC ('Tribul") was the company that processed Ellenton Video's credit card receivables.  Between November 2007 and December 2008, Rapid Advance, through Tribul, collected a total of $119,249.35 of Ellenton Video's accounts receivable without Ellenton Video's knowledge or consent.

19.     Upon information and belief, between November 2007 and December 2008, Rapid Advance received an additional $54,330.23 of Ellenton Video's accounts receivable without Ellenton Video's knowledge or consent.

20.     Despite demand therefore, Rapid Advance failed and refused to turn over these proceeds to Ellenton Video.

21.     As a direct and proximate result of Rapid Advance's conduct, Ellenton Video has suffered injury in the amount of $173,579.58.

<u>COUNT I</u>
(CONVERSION)

22.     Ellenton Video incorporates each of the averments of the foregoing paragraphs of this Complaint as if such averments were set forth in full and at length in this Count I.

23.     Rapid Advance has no right, claim or interest in and to the $173,579.58 of Ellenton Video's accounts receivable (the "Receivables").

24.     At all times relevant hereto, Ellenton Video had an immediate and legitimate right to its Receivables.

25.     Rapid Advance knew or should have known that it did not have any legitimate claim to possession of the Receivables at the time it came into possession of them.

26.     Ellenton Video demanded the return of the Receivables collected by Rapid Advance.

27.     Despite demand, Rapid Advance deliberately refuses to surrender the Receivables to Ellenton Video.

28.     Rapid Advance's unjust retention of the Receivables and refusal to return them to Ellenton Video, after demand, is an unlawful exercise of ownership, dominion and control by Rapid Advance over Ellenton Video's property and constitutes Rapid Advance's denial and repudiation of Ellenton Video's rights to immediate possession of the Receivables.

WHEREFORE, plaintiff Ellenton Video, Inc. respectfully requests that this Court:

a.    Award Ellenton Video compensatory damages for the conversion of Ellenton Video's credit card receivables, and enter judgment in its favor and against defendant Rapid Advance, LLC in the amount of $173,579.58, along with the legal interest that accrues from the time of each conversion to the date of the verdict, or in such other amount according to proof; and

b.    Grant such other and further relief as this cause may require.


_____/s/ Jeremy S. Friedberg_____
Jeremy S. Friedberg, Fed. Bar No. 10638
Gordon S. Young, Fed. Bar No. 14866
Leitess Leitess Friedberg + Fedder PC
One Corporate Center
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for Ellenton Video, Inc.*